UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DEVERON DELANEY,

                        Plaintiff,

            -against-

WESTCHESTER COUNTY; DISCIPLINARY
CAPTAIN CHRISTOPHER ROBERTS;
COMMISSIONER JOSEPH K. SPANO;
DEPUTY COMMISSIONER LEANDRO
DIAZ; ASSISTANT WARDEN FRANCIS
DELGROSSO,

                       Defendants.

19-CV-3524 (CS)

ORDER OF SERVICE

CATHY SEIBEL, United States District Judge:

        Plaintiff, currently incarcerated in the Westchester County Jail, brings this *pro se* action

under 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights. By order

dated May 10, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees,

that is, *in forma pauperis*.[1]

## DISCUSSION

**A.**    **Service on Defendants**

        Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the

Court and the U.S. Marshals Service to effect service. *See Walker v. Schult*, 717 F.3d. 119, 123

n.6 (2d Cir. 2013) (citing 28 U.S.C. § 1915(d)); § 1915(d) ("The officers of the court shall issue

and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the

Marshals Service to serve if the plaintiff is authorized to proceed IFP). Rule 4(m) of the Federal

Rules of Civil Procedure generally requires service of the summons and complaint to be

---

        [1] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

completed within 90 days of the date the summons issues, and it is Plaintiff's responsibility to request, if necessary, an extension of time for service. *Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012). *But see Murray v. Pataki*, 378 F. App'x 50, 51-52 (2d Cir. 2010) (summary order) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Westchester County, Disciplinary Captain Christopher Roberts, Commissioner Joseph K. Spano, Deputy Commissioner Leandro Diaz, and Assistant Warden Francis Delgrosso through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each Defendant. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service upon each Defendant.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## B.    Local Civil Rule 33.2

Local Civil Rule 33.2, which requires Defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of

service of the complaint, Defendants must serve responses to these standard discovery requests. In their responses, Defendants must quote each request verbatim.[2]

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Clerk of Court is further instructed to issue summonses and complete the USM-285 forms with the addresses for Westchester County, Disciplinary Captain Christopher Roberts, Commissioner Joseph K. Spano, Deputy Commissioner Leandro Diaz, and Assistant Warden Francis Delgrosso and deliver all documents necessary to effect service to the U.S. Marshals Service.

Local Civil Rule 33.2 applies to this action.

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    May 22 ,2019
          White Plains, New York

_____
                    CATHY SEIBEL
              United States District Judge

_____

[2] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.

## DEFENDANTS AND SERVICE ADDRESSES

1.      Westchester County
        148 Martine Avenue
        White Plains, New York 10601

2.      Disciplinary Captain Christopher Roberts
        Westchester County Jail
        10 Woods Road
        Valhalla, New York 10595

3.      Commissioner Joseph K. Spano
        Westchester County Jail
        10 Woods Road
        Valhalla, New York 10595

4.      Deputy Commissioner Leandro Diaz
        Westchester County Jail
        10 Woods Road
        Valhalla, New York 10595

5.      Assistant Warden Francis Delgrosso
        Westchester County Jail
        10 Woods Road
        Valhalla, New York 10595