UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
DEVERON DELANEY,

                              Plaintiff,

v.                                                                      **MEMORANDUM OPINION**
                                                                          **AND ORDER**

WESTCHESTER COUNTY DEPARTMENT
OF CORRECTIONS, et al.,                              19-CV-03524 (PMH)

                              Defendants.
-----------------------------------------------------------X
PHILIP M. HALPERN, United States District Judge:

      Plaintiff Deveron Delaney ("Plaintiff"), who at the time was proceeding *pro se*, commenced this action with the filing of a Complaint on April 19, 2019. (Doc. 2). Thereafter, Plaintiff secured counsel and his counsel filed a notice of appearance on Plaintiff's behalf on July 29, 2019. (Doc. 15). Subsequently, Plaintiff filed a First Amended Complaint on November 6, 2019 (Doc. 24), and shortly thereafter, a Second Amended Complaint ("SAC") on February 18, 2020 (Doc. 47, "SAC"). Plaintiff asserts, under 42 U.S.C. § 1983, a Fourteenth Amendment failure to protect claim against Defendants Westchester County Department of Corrections, Commissioner Joseph K. Spano, Captain Christopher Roberts, Deputy Commissioner Leandro Diaz, Assistant Warden Francis Delgrosso, and Assistant Warden Moccio (collectively "Defendants").

      By motion dated May 18, 2020, Defendants moved to dismiss Plaintiff's SAC pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 56; Doc. 56-2, "Defs. Br."). Plaintiff filed a brief in opposition to Defendants' motion on June 18, 2020 (Doc. 57, "Pl. Opp'n"), and the motion was fully submitted with the filing of Defendants' reply brief on July 10, 2020 (Doc. 58).

      For the reasons set forth below, Defendants' motion is GRANTED.

1

## BACKGROUND

The facts, as recited below, are taken from Plaintiff's SAC. At the time of the allegations giving rise to this dispute, Plaintiff was a 55-year-old, pretrial detainee in the custody of the Westchester County Department of Corrections ("WCDOC"). (SAC ¶ 10). While detained, Plaintiff was assaulted by Tamir Ayala-Rosario ("Ayala-Rosario"), an inmate who allegedly has a documented history of violence against other inmates. (*Id.* ¶ 11). During the assault, Plaintiff was struck in his head, face, and body, and suffered a variety of injuries including gashes, bruises, a sprained wrist, loosened teeth, and chipped teeth. (*Id.* ¶ 12). After the assault, Plaintiff was transferred to the Westchester Medical Center for treatment. (*Id.* ¶ 14).

Plaintiff alleges that Defendants are members of a committee that determines housing policy within WCDOC and that they were aware that Ayala-Rosario had a history of violent assaults against other inmates. (*Id.* ¶¶ 15-17). Plaintiff avers that Defendants are responsible for "identifying and segregating violent inmates away from the general population of WCDOC." (*Id.* ¶ 18). Plaintiff claims that Defendants' failure to take action which would have prevented Ayala-Rosario from coming into contact with Plaintiff was the direct and proximate cause of Plaintiff's injuries. (*Id.* ¶¶ 20-21).

## STANDARD OF REVIEW

A Rule 12(b)(6) motion enables a court to consider dismissing a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the ple[d] factual content allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Id*. (citing *Twombly,* 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Id*. The factual allegations pled "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"When there are well-ple[d] factual allegations [in the complaint], a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. Thus, the court must "take all well-ple[d] factual allegations as true, and all reasonable inferences are drawn and viewed in a light most favorable to the plaintiff." *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996). However, the presumption of truth does not extend to "legal conclusions, and threadbare recitals of the elements of the cause of actions." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Iqbal*, 556 U.S. 662). Therefore, a plaintiff must provide "more than labels and conclusions" to show entitlement to relief. *Twombly*, 550 U.S. at 555.

## ANALYSIS

Plaintiff asserts, under 42 U.S.C. § 1983, a failure to protect claim. "Prison officials are constitutionally required to 'take reasonable measures to guarantee the safety of the inmates,' in particular, 'to protect prisoners from violence at the hands of other prisoners.'" *Rembert v. Cheverko*, No. 12-CV-9196, 2014 WL 3384629, at *5 (S.D.N.Y. July 10, 2014) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994)). However, while prison officials do have a duty to protect prisoners from violence at the hands of other inmates, "not . . . every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." *Fair v. Weiburg*, No. 02-CV-9218, 2006 WL 2801999, at *4 (S.D.N.Y. Sept. 28, 2006) (quoting *Farmer*, 511 U.S. at 834).

Because Plaintiff was a pretrial detainee and not a convicted prisoner at time of the alleged assault, his failure to protect claim is asserted pursuant to the Due Process Clause of the Fourteenth Amendment rather than the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017) (citing *Benjamin v. Fraser*, 343 F.3d 35, 49 (2d Cir. 2003)). Under the Fourteenth Amendment, a pretrial detainee can demonstrate that prison officials failed to protect the inmate by showing that (1) "the inmate [was] incarcerated 'under conditions posing a substantial risk of serious harm;' and [(2)] the prison official showed 'deliberate indifference to inmate health or safety.'" *Rembert*, 2014 WL 3384629, at *5 (quoting *Farmer*, 511 U.S. at 832-33).

The first prong of this test is objective and requires the plaintiff to show that his conditions of confinement "pos[ed] an unreasonable risk of serious damage" to his safety. *Darnell*, 849 F.3d at 30. There is no "static test" to determine whether a detainee's conditions of confinement posed a substantial risk of serious harm; "instead, 'the conditions themselves must be evaluated in light of contemporary standards of decency.'" *Id.* (quoting *Blissett v. Coughlin*, 66 F.3d 531, 537 (2d Cir. 1995)). When determining whether "the risk of an inmate's violence against other inmates is sufficiently serious[] to trigger constitutional protection, the focus of inquiry must be, not the extent of the physical injuries sustained in an attack, but rather the existence of a substantial risk of serious harm." *Luckey v. Jonas*, No. 18-CV-8103, 2019 WL 4194297, at *4 (S.D.N.Y. Sept. 4, 2019) (quoting *Blake v. Kelly*, No. 12-CV-7245, 2014 WL 4230889, at *5 (S.D.N.Y. Aug. 26, 2014)). Ordinarily, a plaintiff can demonstrate that he faced a substantial risk of serious harm by alleging that "there is evidence of a previous altercation between a plaintiff and an attacker, coupled with a complaint by plaintiff regarding the altercation or a request by plaintiff to be separated from the attacker." *Id.* (quoting *Gilmore v. Rivera*, No. 13-CV-6955, 2014 WL 1998227,

at *3 (S.D.N.Y. May 14, 2014)). In certain circumstances, however, courts have held that a question of fact exists as to whether a substantial risk of serious harm exists even in "the absence of any allegation of a history of altercations between the plaintiff and his attacker." *Blake*, 2014 WL 4230889, at *5.

As to the second prong of the failure to protect claim, the plaintiff must demonstrate that prison officials "acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Darnell*, 849 F. 3d at 35.

Here, the Court finds that Plaintiff's failure to protect claim fails at prong one, as Plaintiff's SAC does not include allegations which give rise to the plausible inference that Plaintiff was at a substantial risk of serious harm. Plaintiff alleges only that Defendants knew that Ayala-Rosario was dangerous based on prior assaults involving other inmates and that Defendants thus had an obligation to keep Ayala-Rosario separate from the general jail population as a whole. Plaintiff does not allege that: (1) Ayala-Rosario previously assaulted him; (2) he filed a complaint with jail officials regarding Ayala-Rosario; or (3) he requested to be kept separate from Ayala-Rosario. Plaintiff's general assertion that Defendants knew Ayala-Rosario was dangerous based on prior attacks is insufficient to establish that Plaintiff, *in particular*, faced a substantial risk of serious harm. *See Grant v. Hogue*, No. 17-CV-3609, 2019 WL 3066378, at *5 (S.D.N.Y. July 12, 2019). The fact that a pretrial detainee is attacked by another inmate—even another inmate with a history of violent behavior—simply is insufficient to establish that the attacked detainee was at a substantial risk of serious harm.

Additionally, this is not a case in which Plaintiff's failure to protect claim can survive in the absence of any allegation of a history of altercations between Plaintiff and Ayala-Rosario. At the motion to dismiss stage, courts have found the objective element of a failure to protect claim satisfied even in the absence of a history of altercations between a plaintiff and his attacker when a plaintiff alleged that "defendants failed to intercede to stop an ongoing attack," *Heisler v. Kralik*, 981 F. Supp. 830, 837 (S.D.N.Y. 1997), *aff'd sub nom. Heisler v. Rockland Cty.*, 164 F.3d 618 (2d Cir. 1998), or when a plaintiff alleged that he was assaulted after being placed in an overcrowded cell, *Walker v. Schult*, 717 F.3d 119, 129 (2d Cir. 2013) (finding that a question of fact existed as to whether holding plaintiff in a six-man cell poses a substantial risk of harm to inmate's safety); *Blake*, 2014 WL 4230889, at *2 (finding plaintiff's allegations that he was placed in an "overcrowd[ed] . . . holding cell" that was "an unsupervised 'den of violence'" sufficient). Plaintiff's SAC does not include allegations related to either of these idiosyncratic situations.

At bottom, plaintiff must allege that he in particular, as opposed to the general prison population as a whole, faced a substantial risk of serious harm that "actually existed and was imminent." *Grant*, 2019 WL 3066378, at *5 (quoting *Douglas v. Annuci*, No. 14-CV-6018, 2017 WL 5159194, at *4-5 (W.D.N.Y. Nov. 7, 2017)). Plaintiff has not alleged that he was at any greater risk of harm than any other individual housed at WCDOC who came into contact with Ayala-Rosario. Because the risk of harm Plaintiff faced was not actual and imminent, there was no prior altercation between Plaintiff and Ayala-Rosario, and Plaintiff made no request for protection, the Court finds that Plaintiff's allegations do not permit the plausible inference that Plaintiff can satisfy

6

the objective prong of a Fourteenth Amendment failure to protect claim.[1] Accordingly, the Court dismisses Plaintiff's failure to protect claim.[2]

## CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss is GRANTED. The Clerk is directed to terminate the pending motion (Doc. 56) and terminate this action.

**SO ORDERED.**

Dated: New York, New York
January 25, 2021

_____
Philip M. Halpern
United States District Judge

---

[1] The Court notes that Plaintiff's brief in opposition to Defendants' motion to dismiss provides additional allegations about Ayala-Rosario, including that he was considered a minor pursuant to WCDOC policies and thus should not have been housed with the adult general population and that he had a psychiatric diagnosis. (Pl. Opp'n at 7). Even if the Court considered these unpled allegations on the present motion, it would not change the outcome reached herein. These additional allegations in no way establish that Plaintiff faced a substantial risk of serious harm that was actual and imminent.

[2] Because Plaintiff's Fourteenth Amendment failure to protect claim fails to satisfy the objective prong of the failure to protect test, the Court need not and does not address whether Plaintiff can satisfy the second prong of the test or the other arguments Defendants advance in support of dismissal of Plaintiff's SAC.